

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

AUSTIN 11, TEXAS

~~JOHN REED SHEPPERD~~
ATTORNEY GENERAL

Hon. Jerry Sadler, Commissioner
Hon. Olin Culberson, Commissioner
Railroad Commission of Texas
Austin, Texas

Opinion No. O-3186
Re: Was the action of
Commissioners Smith and
Sadler in placing their
initials under the word
"Denied" on a motion
for rehearing a final
order denying such
motion under the facts
set our below?

Gentlemen:

     We have your letter of February 19, 1941, submitting the following facts:

     "On December 16, 1940, the Commission granted the application of M. R. Newnham for special permit to drill his Well No. 4 on a certain tract in Gregg County, Texas.

     "On December 31, 1940, Jones-O'Brien, Inc., and Iotex Oil Corporation filed a motion for rehearing in said cause and upon the filing of such motion for rehearing the words "<u>Rehearing</u>: 'Granted--Denied' was written at the bottom of such motion for rehearing, it being a practice of the Commission to put such words on application and motions for rehearing before presentation to the Commissioners.

     "On the 31st day of December, 1940, Commissioners Smith and Sadler considered such motion for rehearing and wrote their initials underneath the word 'Denied', and pursuant to such action a formal order was prepared dated the 31st day of December, 1940, provided that such motion for rehearing should be denied. This formal order was signed only by Commissioner Sadler.

     "On January 5, 1941, Commissioner Thompson wrote on the bottom of such formal order the following:

     "'This order was never accomplished due to not having been signed by two commissioners. Thus the motion is still pending. I vote for granting the rehearing. --E.O.T. January 5, 1941.'

"On January 10, 1941, Commissioner Culberson wrote on the bottom of such formal order:

"'I concur in above statement.--O.C.'

"Following the action by Commissioners Culberson and Thompson, Commissioner Sadler wrote beneath his signature on the formal order as follows:

"'This motion was denied by two commissioners and it is my contention that order signed by Commissioners Thompson and Culberson is void.  J.S.'

"By formal order signed by Commissioners Thompson and Culberson dated January 10, 1941, a motion for rehearing of Jones-O'Brien and Iotex mentioned above was attempted to be granted.

"In further explanation of this matter, we wish to advise that prior to January 2, 1941, it had been the custom and practice of the Commission for collect wires to be sent to the successful party if, as and when a majority of the Commissioners had initialed the examiner's memorandum or other instrument showing what the decision had been, and for the formal order to be prepared at its subsequent date; and in the instant case the formal order was then dated back and given the same date that a majority of the Commissioners initialed the memorandum or motion being acted upon."

Under the above facts taken in full from your letter, you request our opinion upon the following question:

"Please advise us whether the action of Commissioners Smith and Sadler in passing upon the Jones-O'Brien, Inc. and Iotex Oil Corporation motion for rehearing on December 31, 1940, and reaching the conclusion to deny such motion for rehearing and evidencing their decision by initialing same at the bottom thereof under the word "Denied' was an official action by the Commission and amounted to a denial of the motion for rehearing."

The Railroad Commission has been entrusted with the administration of our conservation laws and in the performance of its duties exercises quasi judicial powers.  Gulf Land Company vs. Atlantic Refining Company, 131 S.W.(2) 73.

This Department has previously held that after a decision has lawfully been made by the Commission that the signing of the order by the individual commissioner becomes a mere mechanical or ministerial act which may be delegated by the commissioner to other persons.  (See our opinion No. O-1943 attached hereto)

In Mechem, on Public Offices and Officers, at page 370, the rule is stated as follows:

"Para. 568.  Mechanical or ministerial duties may be delegated.--Where, however, the question arises in regard to an act which is of a purely mechanical, ministerial or executive nature, a different rule applies.  It can ordinarily make no difference to any one by whom the mere physical act is performed when its performance has been guided by the judgment or discretion of the person chosen. The rule, therefore, is that the performance of duties of this nature may, unless expressly prohibited, be properly delegated to another."

"Where, however, the law expressly requires the act to be performed by the officer in person it can not, though ministerial, be delegated to another."

Throop, on Public Officers, at page 511, defines a ministerial act as follows:

"A ministerial act may perhaps be defined to be one, which a person performs in a given state of facts, in a prescribed manner, in obedience to the mandate of legal authority, without regard to, or the exercise of, his own judgment upon the propriety of the act done."

The rule as applied to our courts seems to be well established to the effect that after the court has exercised judicial discretion, the mere physical or mechanical act of signing the draft of judgment or the minutes of the court for the term at which the judgment was entered is not necessary to render the judgment valid.  The same rule has been applied to orders of commissioners' courts which have not been entered upon the minutes of the court, and it has been held that the action of the court could be proved by circumstances and parole evidence.  (See Weaver vs. Commissioners' Court, Nagogdoches County, 146 S.W. (2) 170; Mecum vs. Ford, 252 S.W. 491)

In the case of Coleman vs. Zapp, et al., 151 S.W. 1040, at page 1041 thereof, Judge Phillips speaking for the

Supreme Court of Texas, stated the law as follows:

"(1)   The judgment of a court is what the court pronounces.  Its rendition is the judicial act by which the court settles and declares the decision of the law upon the matters at issue. Its entry is the ministerial act by which an enduring evidence of the judicial act is afforded.

"(2)   The failure of the minute entry to correctly or fully recite what the court judicially determined does not annul the act of the court, which remains the judgment of the court notwithstanding its imperfect record.  Freeman on Judgments, § 38."

In applying the foregoing statement of the law to the fact situation shown in your letter, we find

(a)   That the Commission itself considered its order entered as of the day the memorandum was initialed as evidenced by the fact that your letter states a collect wire was sent to the successful party setting out the decision made;

(b)   That a majority of the Commission concurred in the decision as evidenced by the fact that Commissioners Sadler and Smith placed their initials under the word "denied" on the motion; and

(c)   That it had long been a practice of the Commission to have formal orders prepared subsequent to the date the decision was made and dated back to the time the Commission initialed the motion acted upon.

We think that this situation clearly demonstrates that the Commission's decision was made and its final order entered on the 31st day of December, 1940, when Commissioners Smith and Sadler signed their initials under the word "denied" on the motion, and that the subsequent preparation of a formal order was merely a mechanical or ministerial act which could properly be delegated to others to perform.

APPROVED FEB 27, 1941
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS
APPROVED: OPINION COMMITTEE
BY:        BWB, CHAIRMAN
ERS:ew:wb
Encl.

Yours very truly
ATTORNEY GENERAL OF TEXAS
By /s/ Ed Roy Simmons
Ed Roy Simmons, Assistant